Case 4:21-cv-01673   Document 1-2   Filed on 05/21/21 in TXSD   Page 1 of 9

4/27/2021 8:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52886779
By: Adiliani Solis
Filed: 4/27/2021 8:10 PM

2021-25184 / Court: 281

CAUSE NO. _____

| | | |
|---|---|---|
| **GUILLERMO GRAY** § | | IN THE DISTRICT COURT |
| *Plaintiff,* § | | |
| § | | |
| v. § | | |
| § | | \_\_\_\_ JUDICIAL DISTRICT |
| § | | |
| § | | |
| § | | |
| **KILLICK GROUP, LLC AND** § | | |
| **JACK LAWLOR** § | | |
| *Defendants.* § | | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Guillermo Gray ("Plaintiff") and files this, Plaintiff's Original Petition, complaining of Defendants Killick Group, LLC (KILLICK) and Jack Lawlor, ("Defendants"), for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure Plaintiff intends that discovery be conducted under a Level 2 Discovery Control Plan.

### PARTIES

2. Plaintiff, GUILLERMO GRAY, is an individual residing in Harris County, Texas.

3. Defendant, KILLICK GROUP, LLC ("KILLICK"), a Texas limited liability company, may be served pursuant to article 2.11(A) of the TEXAS BUSINESS CORPORATIONS ACT, or its successor statutes, sections 5.201 and 5.255 of the TEXAS BUSINESS ORGANIZATIONS CODE, by serving its registered agent Jack Lawlor, at 9720 Cypresswood Drive, Suite 470, Houston, Texas 77070. Service of said Defendant as described herein may be effected by personal delivery.

Exhibit B

4.       Defendant, Jack Lawlor, is an individual residing in Harris County, Texas who may be served with process at his place of business located at 9720 Cypresswood Drive, Suite 470, Houston, Texas 77070. Service of said Defendant as described above can be affected by personal delivery.

## JURISDICTION AND VENUE

5.       The subject matter in controversy is within the jurisdictional limits of this court.

6.       This court has jurisdiction over the parties because Defendant Jack Lawlor is a resident of the state of Texas.

7.       Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

8.       Plaintiff began working for KILLICK around October of 2013. Plaintiff was hired to perform services for KILLICK under president's direction and control, which meant that Plaintiff did as directed. Defendant KILLICK is a global inspection and supply chain business. According to its public website, KILLICK is a global company that provides support services in the supply chain and quality field with a primary focus on the energy and mining sectors.

9.       KILLICK has been extremely successfully, having a global presence, making it a reasonable inference that KILLICK's total revenue exceed $500,000.00. Furthermore, KILLICK has agents and employees throughout the United States, which undoubtably shows they are engaged in interstate commerce.

Exhibit B

10. As the president of KILLICK, Defendant Jack Lawlor exercised control over and supervision of Plaintiff's job duties. KILLICK employs more than 2 employees to manage its operations.

11. Around of December of 2016, Defendants informed Plaintiff that they were reducing his pay by $5 per hour. Plaintiff requested a raise in 2019. Defendants informed Plaintiff that he would not receive a raise unless he signed a Consultancy Agreement. Plaintiff refused to sign the agreement. Prior to Covid-19 pandemic, Plaintiff averaged more than 60 hours of work per week. During such time, Defendants never paid any overtime wages to Plaintiff. Plaintiff submitted invoices for worked performed in February and March. However, Defendants have refused to pay Plaintiff for the services he provided to Defendants.

12. Plaintiff is not an independent contractor. Defendants control his work, provide him the tools to perform his work, and recognize him as an employee, among other facts that show he is an employee. [More facts re employee status if you have any.] He has been willfully misclassified as an independent contractor.

13. The FLSA was enacted to correct and eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficacy and general well-being of workers …." 29 U.S.C. § 202. Towards this end, the FLSA set employment related requirements, including requirement to timely pay for work performed. 29 CFR § 790.21.

14. Defendants did not pay Plaintiff for the work he had already performed as required by 29 CFR § 790.21. Defendants did not pay Plaintiff at a rate of not less than one and one-half times the regular rate of pay for such hours he worked over forty hours per week as required by 29 U.S.C. §207 (a)(1).

Exhibit B

15. Defendants knew or reasonably should have known that Plaintiff was not exempt from the provisions of the FLSA. Defendants knew or showed reckless disregard for whether its pay practices violated the FLSA.

16. Furthermore, Defendants knew or showed reckless disregard that their actions were in violation of the Texas Labor Code and breached the agreement between Plaintiff and Defendants.

### FIRST CAUSE OF ACTION:
### VIOLATION OF TEXAS LABOR CODE TITLE 2. PROTECTION OF LABORERS SUBTITLE C. WAGES CHAPTER 61. PAYMENT OF WAGES

17. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

18. Plaintiff brings this claim pursuant to Tex. Lab. Code § 61.011 and Tex. Lab. Code § 61.013.

19. Plaintiff performs services at the direction and control of Defendants. Plaintiff submitted invoices in compliance with Defendants' policies. Defendants have refused to pay Plaintiff his wages for February and March. Furthermore, Defendants failed to pay Plaintiff overtime wages for the hours he worked in excess of 40 hours over the course of Plaintiff's employment with Defendants. Defendants actions are in violation of Tex. Lab. Code § 61.011 and Tex. Lab. Code § 61.013.

### SECOND CAUSE OF ACTION: BREACH OF CONTRACT ACTION

20. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

21. Plaintiff had a contract with Defendants. As part of that contract Defendants were supposed to pay Plaintiff for the services he performed on Defendants' behalf. Plaintiff performed services and provided Defendants with the required invoices. Defendants' have refused to pay

Exhibit B

Plaintiff wages for services he performed on behalf of Defendants. Plaintiff has suffered damages as a result of Defendants' breach.

22. Defendants' actions constitute a breach of contract.

### THIRD CAUSE OF ACTION: QUANTUM MERUIT

23. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

24. Plaintiff provided valuable services to Defendants. Defendants assigned Plaintiff to perform the services and controlled his method of performance. Therefore, Defendants accepted Plaintiff's services. Plaintiff provided invoiced to Defendants' in accordance with Defendants' procedures. Defendants' have refused to pay Plaintiff wages for services he performed on behalf of Defendants. Plaintiff has suffered damages as a result of Defendants' actions.

25. Defendants' actions constitute quantum meruit.

### FOURTH CAUSE OF ACTION: FAILURE TO PAY WAGES IN VIOLATION OF THE FLSA

26. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

27. Plaintiff brings this claim pursuant to 29 CFR § 790.21.

28. During his employment for Defendants, Plaintiff was an employee who was not exempt from payment of wages provisions of the FLSA. While Plaintiff was employed by KILLICK and under the direction of the president, Plaintiff and/or Defendants were engaged in interstate commerce.

29. Plaintiff pleads both individual and enterprise coverage under the FLSA.

30. As a nonexempt employee, Defendants were required to pay Plaintiff at the end of the pay period. 29 CFR § 790.21.

31. Defendants did not pay Plaintiff the wages he was due.

Exhibit B

32. Defendants knew or showed reckless disregard for whether their pay practices violated the FLSA. In other words, Defendants willfully violated provisions of the FLSA.

### FIFTH CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

33. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

34. Plaintiff brings this claim pursuant to 29 U.S.C. § 215(a)(2).

35. During his employment for Defendants, Plaintiff was an employee who was not exempt from the overtime provisions of the FLSA. While Plaintiff was employed by KILLICK and under the direction of Lawlor, Plaintiff and/or Defendants were engaged in interstate commerce or in the production of goods for commerce.

36. Plaintiff pleads both individual and enterprise coverage under the FLSA.

37. As a nonexempt employee, Defendants were required to pay Plaintiff at a rate of not less than one and one-half times the regular rate of pay for such hours he worked over forty hours per week. 29 U.S.C. § 207 (a)(1).

38. Defendants did not pay Plaintiff at a rate of not less than one and one-half times the regular rate of pay for such hours he worked over forty hours per week.

39. If Defendants classified Plaintiff as exempt from the overtime provisions of the FLSA, he was misclassified.

40. Defendants knew or showed reckless disregard for whether their pay practices violated the FLSA. In other words, Defendants willfully violated the overtime provisions of the FLSA.

Exhibit B

41. To the extent Defendants violated other employment laws in connection with its employment of Plaintiff and the matters described herein, including FLSA retaliation, Plaintiff reserves the right to file appropriate charges or claims in this case or other venues as necessary.

## DAMAGES

42. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

43. Under the Fair Labor Standards Act, Plaintiff is entitled to relief, including, but not limited to, payment of unpaid wages and an additional equal amount as liquidated damages. *See* 29 U.S.C. § 216(b).

44. Plaintiff is entitled to the actual damages resulting from Defendants' breach of contract.

45. Plaintiff is also entitled to all appropriate legal and equitable relief available under the common law, including recovery for non-pecuniary losses, such as pain and suffering.

46. Plaintiff is also entitled to an award of attorney's fees and costs under 29 U.S.C. § 216(b) and Tex. Civ. Prac. & Rem. Code § 38.001.

## NOTICE OF USE

46. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby notified that Plaintiffs intends to use all documents produced by Defendants in response to written discovery in pretrial proceedings and trial. Defendants are required to assert any objection to the authenticity of any document Plaintiff produces within ten days of its production.

## REQUEST FOR DISCLOSURES

47. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that each and every Defendant disclose, the information and material described in Rule 194.2 within thirty (30) days of after the filing of the first answer or general appearance, the information and

Exhibit B

material described in Rule 194.2.

## DESIGNATED E-SERVICE EMAIL ADDRESS

48. The following is the undersigned attorneys' designated e-Service email addresses for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Litigation@TheHadiLawFirm.com and staff@higdonlawyers.com. These are the undersigned's only e-Service email addresses, and service through any other email address will be considered invalid.

## REQUEST FOR DEPOSITION DATES

49. Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff request that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendant is available for Plaintiff to take Defendant's deposition. Plaintiff request that each corporate Defendant provide dates that Defendant's corporate representative is available for Plaintiff to take Defendant's corporate representative's deposition.

## PRAYER

50. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that he have and recover judgment in his favor against Defendants Killick Group, LLC and Jack Lawlor, for the following:

   a. All unpaid wages;
   b. an additional amount equal to Plaintiff's unpaid wages and expenses as liquidated damages pursuant to statute;
   c. all other forms of relief available to Plaintiff under the FLSA and the common law;
   d. reasonable attorney's fees for this action and for any and all appeals in this matter;
   e. pre- and post-judgment interest as allowed by law;

8

**Exhibit B**

f.  costs of court for prosecuting Plaintiff's claim; and

g.  such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE HADI LAW FIRM, PLLC

By: _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Carnegie H. Mims, III
Texas Bar No. 24046448
Sedrick Stagg
Texas Bar No. 24102815
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel: (832) 433-7977
Fax: (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiff**

Of Counsel:  Paul A. Higdon
SBN:09590700
**Higdon Lawyers**
4900 Fournace Place, Suite 460
Bellaire, TX 77401
Tel: 713-223-7300
Fax: 713-223-7331
staff@higdonlawyers.com

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

DATE FILED: April 27, 2021

9

**Exhibit B**